UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JHONNY EDGARDO,
                Plaintiff,

      -against-                              **MEMORANDUM AND ORDER**
                                                  11-CV-3238(JG)

AMKC FACILITY MEDICAL CENTER
C-95 EAST ELMHURST,

                Defendant.
----------------------------------------------------------------x
JOHN GLEESON, United States District Judge:

        Plaintiff, currently incarcerated at Rikers Island Correctional Facility, brings this 42 U.S.C. § 1983 *pro se* action against the Anna M. Kross Center ("AMKC") at Rikers Island, alleging denial of medical care. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff's claim against defendant is dismissed. Plaintiff is granted 30 days leave to submit an amended complaint, as detailed below.

## BACKGROUND

        Plaintiff's statement of claim, in its entirety, states: "I went to medical last year (Exhibit 'A,' 'B,') about my Gull stones [sic] now its going on 18 months, and I need help bad, my health is getting wrost [sic]." (Compl. ¶ IV.) Plaintiff seeks monetary damages.

## DISCUSSION

A.    *The Legal Standard*

        In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

B. *Analysis*

In order to maintain a § 1983 action, a plaintiff must allege two elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

At the outset, I note that plaintiff's complaint fails to name a proper defendant. Plaintiff may not bring a § 1983 action against the medical center at Rikers Island Correctional Facility, because it is an entity not amenable to suit. *See Brown v. Inst. for Cmty. Living*, 2010 WL 2400081, at *3 (E.D.N.Y. June 10, 2010) (claim against Rikers Island fails because it is a prison facility and not considered a "person" for purposes of § 1983 liability).

Secondly, although the Eighth Amendment prohibits the infliction of "cruel and unusual punishment" of inmates, *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994), Edgardo has

not stated a viable claim under the Eighth Amendment. In order to establish a claim for inadequate medical care, which is a form of cruel and unusual punishment prohibited by the Eighth Amendment, *see Farmer*, 511 U.S. at 832, "a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff must prove both the objective prong, that the deprivation of care for his medical condition was "sufficiently serious," *id.* (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)), and the subjective prong, that the defendant "act[ed] with a sufficiently culpable state of mind." *Hathaway*, 37 F.3d at 66 (citing *Wilson v. Setter*, 501 U.S. 294, 298 (1991)); *see Hobson v. Fischer*, 2011 WL 891314, at *4 (S.D.N.Y. Mar. 14, 2011). Here, although plaintiff alleges that he was denied medical care for approximately eighteen months, he fails to name any defendants who are responsible for the alleged denial of medical care. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").

C.    *Leave to Amend*

In light of plaintiff's *pro se* status and the nature of his allegations, he is afforded 30 days to amend his complaint to name proper defendant(s). *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated." (alteration in original))). Should plaintiff choose to file an amended complaint, he must name as defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint, *see Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (noting that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

3

damages under § 1983), and identify each defendant in both the caption and the body of the amended complaint. If plaintiff does not know the names of the individuals, he may identify them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual defendant and the role he or she played in the alleged deprivation of his rights, and provide all relevant dates.

CONCLUSION

Plaintiff's claim against the AMKC medical center at Rikers Island is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. Plaintiff is granted 30 days from the date of this order to submit an amended complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings are stayed for 30 days in order for plaintiff to comply with this order. If plaintiff fails to comply within the time allowed, the complaint shall be dismissed with prejudice.

The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 11, 2011
      Brooklyn, New York

4